The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Bruce R. BLACK, Defendant-Appellee.

No. 84SA360.

Supreme Court of Colorado,
En Banc.

April 29, 1984.

John F. Healy, Dist. Atty., Fifth Judicial Dist., Terri S. Diem, Deputy Dist. Atty., Eagle, for plaintiff-appellant.

V.G. Seavy, Jr., Georgetown, Robert J. Stemwedel, Jr., Eagle, for defendant-appellee.

ERICKSON, Chief Justice.

This is an interlocutory appeal pursuant to C.A.R. 4.1. The prosecution asserts that

the district court erred in suppressing statements made by the defendant, Bruce R. Black, to a police officer at the scene of an automobile accident. We reverse and remand with directions.

## I.

On September 14, 1983, Martha Medina and Amilia Chavez sustained serious injuries when their automobile collided with a pickup truck driven by the defendant. As a result of the accident, the defendant was charged with two counts of vehicular assault,[1] driving under the influence of alcohol,[2] and driving on the wrong side of the road.[3] Prior to the trial, the defendant moved to suppress the statement he made to law enforcement officers at the scene of the accident, claiming that the statement was obtained in violation of his rights under the fifth and fourteenth amendments.[4]

At the hearing on defendant's motion to suppress, the court heard testimony from Colorado State Patrolman Richard Breece. Officer Breece testified that at approximately 11:00 p.m. on September 14, 1983, he received a radio call concerning an automobile accident with possible injuries on Colorado Highway 24 near Minturn, Colorado. When he arrived at the scene, Breece noticed that one of the drivers, later identified as Martha Medina, was receiving medical attention inside of her vehicle. Jerry Eisenhart of the Minturn Police Department told Breece that injuries had been sustained in the accident and that flares had been set up to control traffic. Lucy Romero, who was a passenger in the Medina vehicle, described the clothing worn by the driver of the other vehicle in the accident to Officer Breece. Breece then asked the defendant if he was the driver of the pickup. When the defendant replied that he was, Officer Breece asked him for his driver's license and registration and to "describe the accident." The defendant said

that he had not seen the oncoming vehicle and that he "didn't feel" that the headlights on the other vehicle were on. When the defendant responded, Officer Breece noticed that he slurred his speech and that he had a strong odor of an alcoholic beverage on his breath.

After he talked to the defendant, Officer Breece continued his investigation of the accident. Lucy Romero told Officer Breece that she had seen the defendant throwing beer cans out of his truck shortly after the accident. Although Officer Breece did not arrest the defendant, he testified at the suppression hearing that the defendant was not free to leave the scene of the accident.

The record establishes that the next time Officer Breece saw or spoke to the defendant was at the hospital.[5] After learning of the nature of the injuries sustained by Martha Medina and Amilia Chavez, Officer Breece informed the defendant that felony charges might be filed against him and that a sample of his blood would be taken. At no point in this sequence of events did Officer Breece inform the defendant of his *Miranda* rights.

In granting the defendant's motion to suppress, the court said:

> Well the Court is going to grant the Motion to Suppress and the reason I'm going to do it is because ... if you start adding up all the numbers clearly you've got the *focus of the investigation* of a serious accident case on Mr. Black, the Defendant in this case.
>
> Ms. Romero identifies him as the driver. The officer smells the breath on him and there is injury to people. Those two things mean a felony charge and the Defendant wasn't free to leave.

(Emphasis added.)

 The trial court premised its suppression order on the fact that Officer Breece's investigation had "focused" on the defend-

---

1. § 18–3–205, 8 C.R.S. (1978).

2. § 42–4–1202(1)(a) & (1)(c), 17 C.R.S. (1984).

3. § 42–4–901(1), 17 C.R.S. (1984).

4. U.S. Const., Amends. V & IV.

5. The record does not reflect who took the defendant to the hospital.

ant as a felony suspect at the time he made inquiries about the identity of the driver of each vehicle and the cause of the collision. *See Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). In our view, the district court applied the wrong legal standard. We accordingly reverse and remand for a new hearing. *Compare Escobedo*, 378 U.S. at 490–91, 84 S.Ct. 1758 at 1764–65, *with Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See also People v. Parada*, 188 Colo. 230, 233, 533 P.2d 1121, 1122 (1975) ("*Miranda* substituted 'custodial interrogation' requirement for the 'focus of the investigation' test which [was] enunciated in *Escobedo*....").

## II.

■ Custodial interrogation may not be conducted before the *Miranda* warning is given. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). An accused person must be advised of his right to counsel and his right to remain silent before he can be questioned once he has been taken into custody. In determining whether a person is in custody, which is the threshold issue, a court must consider whether a reasonable person in the suspect's position would consider himself significantly deprived of his liberty. *People v. Thiret*, 685 P.2d 193 (Colo.1984); *People v. Johnson*, 671 P.2d 958 (Colo.1983); *cf. People v. Pancoast*, 659 P.2d 1348 (Colo.1982). Several factors must be considered in determining whether a person is in custody, including:

[T]he time, place and purpose of the encounter; the persons present during the interrogation; the words spoken by the officer to the defendant; the officer's tone of voice and general demeanor; the length and mood of the interrogation; whether any limitation of movement or other form of restraint was placed on the defendant during the interrogation; the officer's response to any questions asked by the defendant; whether directions were given to the defendant during the interrogation; and the defendant's verbal or nonverbal response to such directions.

*Thiret*, 685 P.2d at 203.

■ The police officer's subjective state of mind is not an appropriate standard for determining whether an individual has been deprived of his freedom of movement in any significant way under the fifth amendment. *E.g., People v. Johnson*, 671 P.2d at 961. *Cf. People v. Pancoast*, 659 P.2d at 1350 (police officer's subjective state of mind is not the appropriate standard for determining whether an individual is "seized" for purposes of the fourth amendment). Thus, testimony by a police officer that he would not have allowed the defendant to leave the scene of the accident has no bearing on the custody issue where the officer does not communicate his intentions to the suspect.[6]

The district court's failure to apply the proper legal standard requires us to reverse the suppression order and remand the case for a new hearing. On remand,

---

**6.** As the Supreme Court recently stated in *Berkemer v. McCarty*, — U.S. —, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984): "A policeman's unarticulated plan has no bearing on the question [of] whether a suspect was in custody at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation."

In *McCarty*, the Court held that a person temporarily detained pursuant to an ordinary traffic stop is not "in custody" for purposes of *Miranda*. The Court concluded that *Miranda* warnings need only be given where the motorist's freedom of action is curtailed to a "degree associated with a formal arrest." 104 S.Ct. at 3151, 82 L.Ed.2d at 335 (quoting *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 3520, 77

L.Ed.2d 1275, 1279 (1983) (per curiam)). In *California v. Byers*, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971) the Court also upheld a statutory requirement that a motorist involved in an accident must stop at the scene and give his name and address. The Court concluded that the statute did not violate an individual's right to be free from self-incrimination under the fifth amendment.

We do not decide today whether the rule announced by the Supreme Court in *McCarty* applies to accident investigations where injuries have been incurred. The application of the *McCarty* standard to accident investigations was neither presented to the trial court nor briefed by the parties in this court.

the district court should make findings of fact on the issue of custody using the legal standards set forth in this opinion.

Accordingly, the district court's order is reversed and the case is remanded for further proceedings consistent with this opinion.