The PEOPLE of the State of
Colorado, Petitioner,

v.

Edward R. ARCHULETA, Respondent.

No. 84SC454.

Supreme Court of Colorado,
En Banc.

June 9, 1986.

Rehearing Denied July 7, 1986.

G.F. Sandstrom, Dist. Atty., Kathleen G.
Eberling, Steven L. Jensen, Deputy Dist.
Attys., Pueblo, for petitioner.

David F. Vela, Public Defender, Barbara
S. Blackman, Chief Appellate Deputy Pub-
lic Defender, Pueblo, for respondent.

VOLLACK, Justice.

Following a hearing on a motion to sup-
press statements made by Edward R. Ar-
chuleta, the respondent, during a traffic
stop for suspicion of driving under the in-
fluence of alcohol, the county court ruled
that the respondent's rights under *Mi-
randa v. Arizona*, 384 U.S. 436, 86 S.Ct.
1602, 16 L.Ed.2d 694 (1966), were violated
when the officers asked him about his ac-
tivities and obtained an incriminating state-
ment prior to a *Miranda* advisement. On
interlocutory appeal by the People, the dis-
trict court held such questioning is custodi-
al interrogation requiring *Miranda* warn-
ings, and it affirmed the county court's
suppression of the statements. We accept-
ed this case on writ of certiorari to deter-
mine whether respondent's *Miranda* rights
were violated by police questioning during
a traffic stop prior to formal arrest. We
reverse and remand for further proceed-
ings.

On April 13, 1984, respondent was pulled
over after a sheriff's officer observed re-
spondent's vehicle weaving. Upon making
contact, the sheriff's officer noticed the
respondent's eyes were bloodshot and de-
tected the odor of an alcoholic beverage.
Respondent was asked to exit his vehicle
and perform roadside tests. At some point
during this sequence of events, the sher-
iff's officer asked respondent where he
was going and where he had been. Re-
spondent replied that he was going home,
and he had stopped to have a few beers
after work. Respondent was subsequently

arrested and charged with driving under the influence of intoxicating liquor.

The petitioner maintains that the respondent's statement is clearly admissible evidence under the case of *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).[1] Relying upon the case of *People v. Ramirez*, 199 Colo. 367, 372 n. 5, 609 P.2d 616, 618–19 n. 5 (1980),[2] respondent contends that for purposes of *Miranda* warnings a motorist is in custody when he is asked to exit his vehicle to perform roadside tests. As a result, respondent contends his incriminating statement must be suppressed.

■ Under *Miranda* and its progeny, a suspect must be advised of his right to remain silent and his right to counsel prior to custodial interrogation. In determining whether a person is in custody, a court must consider whether a reasonable person in the suspect's position would consider himself significantly deprived of his liberty. *People v. Black*, 698 P.2d 766 (Colo.1985); *People v. Thiret*, 685 P.2d 193 (Colo.1984); *People v. Johnson*, 671 P.2d 958 (Colo. 1983).

In *Berkemer v. McCarty*, the United States Supreme Court held that a person temporarily detained pursuant to an ordinary traffic stop is not "in custody" for purposes of *Miranda*. The Court concluded that *Miranda* warnings only need be given when the motorist's freedom of action is curtailed to a "degree associated with formal arrest." *Berkemer*, 468 U.S. at ——, 104 S.Ct. at 3151 (quoting *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam)).

The Court acknowledged that a traffic stop significantly curtails the freedom of action of the driver and any passengers of the detained vehicle. However, this factor alone does not require application of the *Miranda* doctrine unless the situation exerts upon a detained person pressures that sufficiently impair his free exercise of his privilege against self-incrimination. *Berkemer*, 468 U.S. at ——, 104 S.Ct. at 3149. Should the detained person be subjected to treatment that renders him "in custody" for practical purposes, he is entitled to the full panoply of protections prescribed by *Miranda*. *Berkemer*, 468 U.S. at ——, 104 S.Ct. at 3151. Such a determination must be made on a case-by-case basis.

---

**1.** In *Berkemer v. McCarty*, the Supreme Court considered the issue of whether roadside questioning of a motorist detained pursuant to a traffic stop constitutes custodial interrogation for the purposes of the doctrine enunciated in *Miranda*. In that case, McCarty's vehicle was stopped after being observed weaving in and out of a traffic lane. McCarty was requested to perform a field sobriety test and could not do so without falling. While still at the scene of the traffic stop, the arresting officer asked McCarty whether he had been using intoxicants, to which he replied, he "had consumed two beers and had smoked several joints of marijuana a short time before." McCarty was subsequently placed under arrest and transported to the jail.

At the jail, a test was made to determine the concentration of alcohol in McCarty's blood. The test did not detect any alcohol whatsoever. The arresting officer resumed questioning of McCarty, and at no point did the arresting officer or anyone else tell McCarty that he had a right to remain silent, to consult with an attorney, and to have an attorney appointed for him if he could not afford one.

In deciding that the roadside questioning did not constitute custodial interrogation, the Court concluded that a traffic stop does not exert pressures upon a detained person that sufficiently impair his free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights. Noting that the detention of a motorist pursuant to a traffic stop is presumptively temporary and brief, and circumstances associated with the typical traffic stop are not such that the motorist feels completely at the mercy of the police, the Court concluded that McCarty was not taken into custody for the purposes of *Miranda* until the officer arrested him. Consequently, the statements McCarty made prior to that point were admissible against him. Until McCarty was placed under formal arrest, his freedom of action had not been sufficiently curtailed to require the protections prescribed by *Miranda*. *Berkemer*, 468 U.S. at ——, 104 S.Ct. at 3152.

**2.** In *Ramirez*, we held a person need not be given the warnings directed by *Miranda* prior to a request for submission to a roadside sobriety test because the evidence derived therefrom is not of a testimonial or communicative nature. In dicta, we noted that during a traffic stop the defendant was deprived of his freedom of action and concluded he was in custody as defined in *Miranda*.

We explicitly adopt the decision announced in *Berkemer v. McCarty* and conclude that the roadside questioning of a motorist detained pursuant to a routine traffic stop does not necessarily constitute "custodial interrogation" for the purpose of the rule established in *Miranda*. In so concluding, we expressly disapprove of our language contained in *Ramirez*, 199 Colo. at 372 n. 5, 609 P.2d at 618–19 n. 5, which implies that *Miranda* protections must be applied automatically as the result of a traffic stop. The facts in this case do not indicate that respondent should have been given *Miranda* warnings at any point prior to the time he was placed under formal arrest. Consequently, the statements respondent made prior to that point are admissible against him. We therefore reverse the Pueblo County District Court and the Pueblo County Court's suppression of respondent's statements.

We reverse and remand to the trial court for further proceedings consistent with the views expressed herein.

QUINN, C.J., specially concurs.

DUBOFSKY and LOHR, JJ., join in the special concurrence.

QUINN, Chief Justice, specially concurring:

Although I specially concur in the result reached by the majority opinion, I write separately because I believe that the determination of whether a motorist is subjected to "custodial interrogation" for purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requires a more factually specific inquiry into the circumstances surrounding a traffic stop than is indicated by the majority opinion.

In *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), the United States Supreme Court adopted what amounts to a rebuttable presumption that roadside questioning of a motorist pursuant to a routine traffic stop is noncustodial. This presumption is rooted in two features of the ordinary traffic stop which "mitigate the danger that a person questioned will be induced 'to speak where he would not otherwise do so freely.'" *Berkemer*, 104 S.Ct. at 3149 (quoting *Miranda*, 384 U.S. at 467, 86 S.Ct. at 1624). First, the detention of a motorist at a roadside traffic stop is usually "temporary and brief," with the result that the motorist reasonably expects to be permitted to go on his way after he answers a few questions while the officer checks his license and registration and possibly issues a citation for a traffic violation. *Berkemer*, 104 S.Ct. at 3149. Second, the circumstances of the typical traffic stop "are not such that the motorist feels completely at the mercy of the police." *Id.* at 3150. While the motorist may feel some pressure to answer questions due to the aura of authority surrounding the officer and the knowledge that the officer has some discretion in deciding to issue a citation, this pressure is offset by the fact that traffic stops are typically conducted on a public roadway, thereby diminishing the opportunity for an officer to use the type of overbearing tactics to elicit a confession that precipitated the *Miranda* decision. *Id.*

Notwithstanding the presumption that questioning pursuant to a routine traffic stop does not constitute custodial interrogation under *Miranda*, the *Miranda* warnings do become applicable "as soon as a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.'" *Berkemer*, 104 S.Ct. at 3151 (quoting *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam)). This transition would occur at the point when, from the words or actions of the officer or from other circumstances surrounding the stop, a reasonable person in the motorist's situation would have understood that he was being subjected not to a routine traffic stop but to the functional equivalent of a formal arrest. *See, Berkemer*, 104 S.Ct. at 3152. Once that point is reached, then the motorist has been "deprived of his freedom of action in [a] significant way," for purposes of the *Miranda* safeguards, *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612, and is entitled to those safeguards.

Applying these guidelines to the case at hand, I concur with the majority that *Miranda* warnings were not required prior to the officer's questioning of the defendant about where he had been and where he was going. As in *Berkemer,* the facts immediately preceding this questioning amounted to no more than a single police officer stopping the defendant on a public roadway and asking him a few routine questions relating to his driving. Since, according to *Berkemer,* a reasonable person in this situation would not have believed that he was being subjected to "restraints comparable to those associated with formal arrest," 104 S.Ct. at 3151, the routine questioning associated with the stop of the defendant in this case cannot be characterized as the functional equivalent of custodial interrogation for purposes of the *Miranda* warnings. I therefore concur in the reversal of the order suppressing the defendant's statement to the officer that he had stopped for a few beers after work.

I am authorized to say that Justice DUBOFSKY and Justice LOHR join in this special concurrence.