The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Chad Ray WALLACE, Defendant-Appellee.

No. 86SA95.

Supreme Court of Colorado, En Banc.

Sept. 15, 1986.

William Henry Kain, III, Dist. Atty., Peggy Sue Ball, Chief Deputy Dist. Atty., Grand Junction, for plaintiff-appellant.

Massaro & Nugent, Edward J. Nugent, Grand Junction, for defendant-appellee.

VOLLACK, Justice.

The People filed this interlocutory appeal pursuant to C.A.R. 4.1 seeking to reverse the trial court's ruling suppressing a statement made by the defendant, Chad Ray

Wallace. The People also seek to reverse the trial court's ruling severing a count for purposes of trial. We reverse the order suppressing the statement of the defendant and dismiss the appeal of the order granting severance of a count for trial.

## I.

The defendant is charged in the trial court with two counts of first degree assault,[1] two counts of second degree assault,[2] two counts of vehicular assault,[3] and one count of driving under the influence of an intoxicating liquor.[4] Defendant pled not guilty to all counts. On February 27, 1986, at a pretrial motions hearing, the trial court granted the defendant's motion to suppress statement and motion to sever the driving under the influence charge. The People appeal from the trial court's granting of these two motions.

Rulings which are subject to interlocutory appeal pursuant to C.A.R. 4.1 are limited.[5] Under C.A.R. 4.1(a), the state may file an interlocutory appeal in this court from a ruling of a district court granting a motion under Crim.P. 41(g) (motion to suppress confession or admission). The rule contains no provision for interlocutory appeal of a trial court's granting of a motion to sever. We conclude that an order granting a motion to sever a count for separate trial does not fall within the scope of C.A.R. 4.1, and is not the proper subject for interlocutory appeal. Therefore, we dismiss the appeal of the trial court's granting of the motion to sever.

## II.

In considering the motion to suppress the statement of the defendant, an explanation of the factual background giving rise to the charges is helpful. On August 7, 1985, an officer of the Grand Junction police department was dispatched to the scene of a traffic accident involving injury. Upon arrival, the officer noted that a motorcycle was lying in the street with apparent rear end damage. Paramedics were treating two young men lying in the street, and a group of onlookers had gathered. One of the two young men being treated for injuries stated to the officer something to the effect of "The s.o.b. ran into us." The officer then inquired of some of the onlookers as to whether they had seen what had happened or knew where the other vehicle had gone. Some of the bystanders pointed out the defendant who was standing beside his vehicle, which was parked in the vicinity of the accident. One of the bystanders stated he thought the defendant had intentionally run into the two men on the motorcycle. The officer then approached the defendant and asked him what happened. The defendant responded by stating he was tired of people "flipping him off." The officer then had the defendant perform the field sobriety maneuvers, and subsequently placed him under arrest. Defendant was given *Miranda*[6] warnings prior to questioning at the Mesa County jail.

The People sought to introduce at trial the defendant's statement that he was tired of people "flipping him off" in order to support the assertion that the collision was not accidental. The defendant moved to suppress the statement because he had not

---

**1.** Section 18–3–202, 8 C.R.S. (1978 & 1985 Supp.).

**2.** Section 18–3–203, 8 C.R.S. (1978 & 1985 Supp.).

**3.** Section 18–3–205, 8 C.R.S. (1978 & 1985 Supp.).

**4.** Section 42–4–1202(1)(a), 17 C.R.S. (1984).

**5.** C.A.R. 4.1(a) states:
The state may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion under Crim.P. 41(e)

and (g) and Crim.P. 41.1(i) made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission; provided that the state certifies to the judge who granted such motion and to the supreme court that the appeal is not taken for purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant.

**6.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

been given *Miranda* warnings prior to making the statement.

In ruling on the motion, the trial court found there was probable cause to arrest the defendant before the officer talked to him. The trial court further found that a reasonable person in defendant's position would have considered himself under arrest or in custody, or at least not able to leave or not answer questions. Based upon the police officer's belief that he had the power to detain the defendant and would have done so if he had attempted to leave, the trial court concluded the defendant was in custody and therefore was required to be given *Miranda* warnings prior to making a statement, even though the statement was voluntarily given.[7]

In *People v. Archuleta*, 719 P.2d 1091 (Colo.1986), we held that the roadside questioning of a motorist detained pursuant to routine traffic stop does not necessarily constitute custodial interrogation for the purpose of the rule established in *Miranda*. Relying upon *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), we concluded that the determination of whether a detained person is in custody for purposes of *Miranda* must be made on a case by case basis. The protections afforded by *Miranda* need not be applied unless the defendant's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer*, 468 U.S. at 440, 104 S.Ct. at ——. A court must examine the facts and circumstances surrounding the situation to determine whether the *Miranda* protections apply in any given situation.

In the instant case, the trial court formulated the pertinent inquiry as being whether or not the defendant, or a reasonable person in the defendant's situation, could consider himself under arrest or in custody, or at least not able to leave or not answer questions. We have held the question of custody turns on an objective assessment of whether a reasonable person in the suspect's position would believe himself to be deprived of his freedom of action to the degree associated with formal arrest. *People v. Viduya*, 703 P.2d 1281, 1286 (Colo.1985); *People v. Black*, 698 P.2d 766, 768 (Colo.1985); *People v. Johnson*, 671 P.2d 958, 961 (Colo.1983). Several factors must be considered in determining whether a person is in custody, including:

> [t]he time, place and purpose of the encounter; the persons present during the interrogation; the words spoken by the officer to the defendant; the officer's tone of voice and general demeanor; the length and mood of the interrogation; whether any limitation of movement or other form of restraint was placed on the defendant during the interrogation; the officer's response to any questions asked by the defendant; whether directions were given to the defendant during the interrogation; and the defendant's verbal or nonverbal response to such directions.

*People v. Viduya*, 703 P.2d at 1286; *People v. Black*, 698 P.2d at 768; *People v. Thiret*, 685 P.2d 193, 203 (Colo.1984).

In this case the trial court concluded that the officer's opinion about whether or not the defendant was under arrest, or what the officer might have done had the defendant tried to leave, was important under these circumstances. We held in *People v. Black*, 698 P.2d at 768, that the police officer's subjective state of mind is not an appropriate standard for determining whether an individual has been

7. Subsequent to making the finding that the defendant was not advised of his *Miranda* rights and suppressing the defendant's statement, the trial court then found that the statement was made voluntarily based upon clear and convincing evidence, and would have left it to the jury to decide whether the statement was voluntary beyond a reasonable doubt.

The trial court applied the wrong burden of proof to the voluntariness question. For a custodial statement to be admissible into evidence against an accused, the prosecution must establish by a preponderance of the evidence that the statement is voluntary, not by clear and convincing evidence. *See, e.g., Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *People v. Fish*, 660 P.2d 505 (Colo.1983); *People v. Smith*, 179 Colo. 413, 500 P.2d 1177 (1972). Because the higher burden of clear and convincing proof encompasses the lower burden of preponderance of the evidence, the trial court did not err in finding that the statement was voluntary.

deprived of his freedom of movement in any significant way. We concluded that testimony by a police officer that he would not have allowed the defendant to leave the scene of the accident has no bearing on the custody issue when the officer does not communicate his intentions to the suspect. *Id.* Therefore, based upon *Black*, the trial court erred in considering the issue of whether the officer would have arrested the defendant if he had tried to leave the scene of the accident. *See also People v. Johnson*, 671 P.2d 958; *People v. Pancoast*, 659 P.2d 1348 (Colo.1982).

The trial court further concluded that the officer had probable cause to arrest the defendant before he even talked to him. This determination was based upon the statements of other witnesses at the accident scene, the obvious injuries to the two motorcycle riders, and the statement from one of the injured men that the defendant had run into them. We note, however, the fact that probable cause to arrest the defendant may have existed at the time of the initial questioning is not dispositive of the issue of whether the defendant was subject to custodial interrogation for the purposes of *Miranda* at that time. *People v. Viduya*, 703 P.2d at 1287 n. 7; *see also People v. Roybal*, 655 P.2d 410, 412–13 (Colo.1982).

The trial court's consideration of the officer's opinion as to whether the defendant was free to leave and whether probable cause to make an arrest was present were not relevant factors, and diverted the focus from the applicable test of whether a reasonable person in the suspect's position would believe himself to be deprived of his freedom of action to the degree associated with formal arrest. In applying the factors which must be considered in making this determination, we conclude that when the defendant made the statement in question, he was not in custody so as to require an advisement of *Miranda* rights at that time. At the point the statement was made, the officer was conducting a general investiga-

tion of the accident,[8] and his initial inquiry of "What happened?" did not take place in a custodial setting. The statement was made when only the officer and the defendant were present in the immediate area, the inquiry was made in a normal tone of voice, and no restraints had been placed upon the defendant. Under these circumstances, *Miranda* advisements were not required, and the trial court erred in suppressing the statement of the defendant.

Accordingly, we hold the statement made by defendant is admissible, and the ruling of the trial court suppressing the statement is reversed.

We further hold the issue of whether the trial court erred in severing the driving under the influence charge from the trial of the remaining counts is not the proper subject of an interlocutory appeal pursuant to C.A.R. 4.1, and is dismissed.

Judgment reversed in part and appeal dismissed in part.

LOHR, J., does not participate.

---

8. "General on-the-scene questioning as to facts surrounding a crime or general questioning of citizens in the fact-finding process is not affected by our holding.... In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present." *Miranda*, 384 U.S. at 477–78, 86 S.Ct. at 1629–30.