Mavroulias *v.* Mugiana et al., Appellants.

Argued April 21, 1944. Before KELLER, P. J., BALD-

574

RIGE, RHODES, HIRT and RENO, JJ. (KENWORTHEY and JAMES, JJ., absent).

S. H. *Torchia,* with him *Ralph H. Behney, James H. Duff,* Attorney General, and *M. H. Kowallis,* for appellants.

*Joseph Schutzman,* with him *Frank R. Sack* and *Herman W. Kaufman,* for appellee.

OPINION BY RHODES, J., September 27, 1944:

This is an appeal by the State Workmen's Insurance Fund from judgment entered in favor of John Mavroulias for compensation under section 306(a) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, §1, 77 PS §511, for total disability, beginning December 23, 1937, subject to credit for compensation paid to claimant for a period of 215 weeks from December 23, 1937, to February 4, 1942.

Claimant was injured on December 16, 1937,[1] in Pennsylvania, while employed by defendant employer, D. Mugiana, a contractor for the painting of structural steel. Claimant, while working as a painter for defendant employer in Bridgeville, Pa., sustained an

---

[1] The Act of June 4, 1937, P. L. 1552, became effective January 1, 1938.

injury to his left leg—a fracture of the left femur with comminution and displacement of fragments. The parties entered into a compensation agreement for the payment of compensation on the basis of total disability beginning December 23, 1937. On July 10, 1939, the compensation agreement, as a result of a petition by claimant, was modified to provide for the loss of use of claimant's left leg, and requiring payment of compensation for 215 weeks. Section 306(c) of the Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, §1, 77 PS §513. On January 28, 1942, claimant filed another petition alleging that he had become totally disabled by reason of the accident on December 16, 1937, and the referee so found. The State Workmen's Insurance Fund appealed, and averred that at the time of the hearing it was unknown to the State Workmen's Insurance Fund that claimant had been paid compensation under the laws of the state of Ohio, and that there should therefore be an adjustment made in the compensation payable to claimant. On October 23, 1942, the Workmen's Compensation Board remanded the record to the referee for further hearing and determination. On November 25, 1942, the referee found that compensation had been paid to claimant for an accident in Ohio covering the period from December 16, 1937, to October 12, 1941, at $9.48 per week, and from October 13, 1941, to March 20, 1942, at $7 per week, and that defendants were entitled to credit for compensation received by claimant through the Industrial Commission of Ohio for those overlapping periods. Claimant appealed to the board which reversed the referee, and allowance for the compensation which claimant received under the Ohio law was refused.

On June 25, 1931, claimant, while employed in Ohio by another employer, had suffered an injury to his right foot and ankle, for which he received compensation for

temporary partial disability under the Ohio law until March 20, 1942. Claimant was required to file with the Industrial Commission of Ohio monthly wage statements showing earnings and industrial activities.

The court of common pleas affirmed the board and entered judgment for claimant. The State Workmen's Insurance Fund then appealed to this court.

The issue presented is whether claimant, who suffered a compensable injury in the state of Ohio and later suffered a distinct injury in the commonwealth of Pennsylvania while working for another employer, which latter injury resulted in total disability, may obtain the compensation for total disability provided by the Pennsylvania Workmen's Compensation Act, without at the same time giving credit for the amount concurrently received for disability from the accident in Ohio under the Ohio law.

Appellant contends that claimant is not entitled to compensation which would exceed the maximum provided for total disability under our statutes. Appellant argues that claimant seeks to receive the maximum under the Pennsylvania Act, to wit, §15 per week, even though during the same period he was being paid compensation under the Ohio law at the rate of $9.48 or $7 per week, whereby he would receive on account of both accidents compensation for partial and total disability in weekly maximums of $24.48 or $22 per week; that this cannot be permitted under the law of this state; and that credit must be given to it for the amounts which claimant received on account of the prior injury in Ohio.

Appellant's argument seems to confuse what occurred in the present case with entirely different situations. In the first place, *Ingram v. W. J. Rainey, Inc.*, 127 Pa. Superior Ct. 481, 193 A. 335, and *Melfi v. Dick Const. Co.*, 148 Pa. Superior Ct. 406, 25 A. 2d 743, cited by appellant, are not applicable. In the *Ingram* case

there were two accidents both of which took place at different times in Pennsylvania while the claimant was working for the same employer. In the *Melfi* case claimant suffered several injuries while in the same employment in Pennsylvania. It was properly held in those cases that our Workmen's Compensation statutes did not contemplate concurrent payments for separate compensable injuries exceeding the limitation for total disability or warrant double or greater compensation than the weekly maximum during the concurrent period; they merely relate to concurrent payments under our statutes and to factual situations within the scope thereof and coming under the jurisdiction of Pennsylvania authorities. It is to be noted that section 101 of the Act of June 2, 1915, P. L. 736, as amended by the Act of April 29, 1929, P. L. 853, §1, 77 PS §1, provided: "This act ...... shall apply to all accidents occurring within this Commonwealth, irrespective of the place where the contract of hiring was made, renewed or extended, and shall not apply to any accident occurring outside of the Commonwealth ...... except accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth." [2]

It is obvious that those cases where one accident is involved and where the compensation authorities of two different states may have jurisdiction over the accident are likewise inapplicable. But in the present case each accident happened in the state of hiring; each accident happened in a different state and while claimant was employed by a different employer. Consequently, it is not a matter of allowance of compensation either in the state of injury or the state of hiring, or

[2]Substantially the same as section 1 of the Act of June 21, 1939, P. L. 520.

of limitation to the excess of what the state of hiring may have allowed over an award in the state of injury.[3]

Claimant's rights arising out of the accident in Pennsylvania in 1937 were, under the circumstances, governed by the law of this state. Here he was hired, and here he was accidentally injured in the course of his employment. He was totally disabled as a result of that accident. Hence he was entitled to compensation at the weekly rate provided by the Workmen's Compensation Act of 1915, §306(a), as amended by Act of April 13, 1927, P. L. 186, §1, 77 PS §511. When employer and employee accept the Workmen's Compensation Act, the right to compensation becomes contractual, the act being considered a part of the contract of employment. *Liberato et al. v. Royer & Herr et al.*, 81 Pa. Superior Ct. 403, affirmed 281 Pa. 227, 126 A. 257. The act creates a contractual relationship between employer and employee. *Polk v. Western Bedding Co. et al.*, 145 Pa. Superior Ct. 142, 144, 20 A. 2d 845; *Stewart v. Thomas Earle & Sons et al.*, 150 Pa. Superior Ct. 591, 594, 29 A. 2d 239. As to his accident in 1937, claimant's rights and the Pennsylvania employer's liability were determined by the Pennsylvania act alone.

Nothing has been presented to us to indicate that the Ohio injury which claimant sustained in 1931 could possibly come under the jurisdiction of the compensation authorities of Pennsylvania. The Industrial Commission of Ohio ordered compensation paid to this claimant for temporary partial disability resulting from the

---

[3] See *Magnolia Petroleum Co. v. Hunt*, 320 U. S. 430, 64 S. Ct. 208, 88 L. Ed. 161; *Pacific Employers Insurance Co. v. Industrial Accident Commission*, 306 U. S. 493, 59 S. Ct. 629, 83 L. Ed. 940; *Alaska Packers Ass'n v. Industrial Accident Commission of California*, 294 U. S. 532, 55 S. Ct. 145, 79 L. Ed. 1044; Restatement, Conflict of Laws, §§398-403; Workmen's Compensation Award—Commonplace or Anomaly in Full Faith and Credit Pattern? By Paul A. Wolkin, 92 University of Pennsylvania Law Review, 401 (June, 1944).

accident in that state. On what ground could he be required to virtually surrender those payments? His injury in Ohio did not incapacitate him so that he could not work, or prevent him from subsequently entering into a contract of employment in Pennsylvania at $8 per day. Furthermore, his total disability is due to and the result of the accidental injury in Pennsylvania in 1937. For this he is entitled to the compensation provided by our act, and there is no basis in law or reason to require that credit be given for the Ohio payments although concurrently made. The practical aspects of the case disclose the fallacy of appellant's position. If claimant had received in full the compensation for disability resulting from the Ohio accident in 1931 before he became employed by defendant employer, there certainly would be no reduction in the amount of compensation which he is entitled to receive as a result of the accident in Pennsylvania. The mere fact that the Ohio payments had not been completed before the accident in this state does not change the situation. The possible generosity of the Ohio authorities does not inure to the advantage of a Pennsylvania employer or its insurance carrier. Claimant is not receiving under the Pennsylvania Workmen's Compensation Act more than the maximum payments provided therein for total disability. An application of appellant's theory might deprive claimant, as pointed out by the court below, of virtually all compensation for the overlapping periods.

Judgment is affirmed.