797 P.2d 987

**Juan MUNOZ, Claimant–Appellant,**

v.

**DEMING TRUCK TERMINAL and Travelers Insurance Company, Respondents–Appellees.**

**No. 11727.**

Court of Appeals of New Mexico.

July 24, 1990.

William A. L'Esperance, Albuquerque, for claimant-appellant.

David McNeill, Jr., Weinbrenner, Richards, Paulowsky, Sandenaw & Ramirez, P.A., Las Cruces, for respondents-appellees.

## OPINION

DONNELLY, Judge.

Claimant Juan Munoz, appeals from an order of a workers' compensation judge (WCJ) authorizing deductions to be made from a prior workers' compensation award received by him. We discuss: (1) whether the WCJ erred in permitting deductions from claimant's August 19, 1988 award of worker's compensation benefits; (2) whether the WCJ's findings are supported by substantial evidence; and (3) the WCJ's denial of attorney fees. We reverse and remand.

This workers' compensation action involves multiple successive disabilities and respondents' claim for reduction of benefits due to an alleged overlapping of benefits. Claimant injured his left knee on December 26, 1982, and negotiated a lump sum settlement, including payment of approximately $800 in attorney fees. The total amount of the settlement was $8,181.31, and included payment in lieu of 150 weeks of compensation benefits for future scheduled injury compensation. The following year, in September 1983, claimant suffered an injury to his right knee. On April 15, 1986, claimant sustained a third accident resulting in injuries to his back and right shoulder; the treating physician also testified that claimant's prior knee injuries had been aggravated by his continued work activities. As a result of the cumulative effect of each of these injuries, the WCJ found that claimant was totally and permanently disabled as of March 24, 1987.

The WCJ entered a compensation order on August 19, 1988, awarding claimant 600 weeks compensation beginning March 24, 1987, for total permanent disability resulting from his 1986 injuries and from aggravation of his prior knee injuries. On March 24, 1989, claimant sought a supplemental order contending that respondents were in default in making payments under the 1988 award in the amount of $5,138.09. *See* NMSA 1978, § 52–5–10 (Cum.Supp.1986). On April 1, 1989, respondents moved to reduce the 1988 award, contending that the WCJ should reduce the 1988 award because benefits already provided by respondents on account of the 1982 and 1983 injuries purportedly overlapped payments authorized under the 1988 award.

Following a hearing on both motions, the WCJ granted respondents' request for reduction of the total benefits payable to claimant under the 1988 award and denied claimant's motion for issuance of a supplemental order. At the hearing on the motions, both parties relied primarily upon affidavits submitted by them and upon arguments of counsel. No testimony or documentary exhibits were formally offered at the hearing. In implementing its ruling that a deduction should be allowed, the WCJ reduced claimant's 1988 award by directing that the number of weeks of compensation payable to claimant be reduced from 600 to 493 weeks. The net dollar reduction in claimant's award totalled $10,129.69.

## I. APPLICABILITY OF OFFSET STATUTE

Claimant challenges the order of the WCJ authorizing a deduction to respondents from the 1988 compensation award, contending that there was no overlap of payments made as a result of his two prior knee injuries because the impairments and resulting disabilities resulting from his three injuries were separate and distinct.

Respondents argue that the deduction was proper because the injuries and resulting disabilities stemming from the 1982, 1983, and 1988 compensation awards related to claimant's same "whole body function" and that each of the three injuries constituted a reinjury to the same "body function" as contemplated by NMSA 1978, Section 52–1–47(D) (Cum.Supp.1986). Respondents argue that the total of all prior awards for compensation received by claimant should be deducted from the 1988 award pursuant to Section 52–1–47, as a matter of law. Thus, respondents argue that the WCJ properly applied the latter statute so as to reduce the 1988 award because of overlapping benefits.

On appeal claimant disputes the applicability of Section 52–1–47(D) to his 1988 600–week award and also contends that the scheduled injury statute, NMSA 1978, Section 52–1–43 (Cum.Supp.1986), militates against construing Section 52–1–47(D) as argued by respondents.

Section 52–1–47(D), provides as follows:

[T]he compensation benefits payable by reason of disability caused by accidental injury shall be reduced by the compensation benefits paid or payable on account of any prior injury suffered by the workman if compensation benefits in both instances are for injury to the same member or function, or different parts of the same member or function, or for disfigurement, and if the compensation benefits payable on account of the subsequent injury would, in whole or in part, duplicate the benefits paid or payable on account of such prior injury.

We assume, without deciding, that claimant's benefits for permanent total disability were for injury to the same member or function, or for different parts of the same members or functions, as benefits received for the 1982 and 1983 injuries. Nevertheless, as discussed hereafter, we determine that respondents have failed to establish that they are entitled to a deduction under Section 52–1–47(D) because of a failure of proof. Respondents also note that under Section 52–1–47(A) and (B) no combination of disabilities can exceed the statutory compensation period. Yet respondents neither make a legal argument nor point to evidence in the record that would entitle them to an offset pursuant to those provisions, so we need not consider that possibility.

## II. SUFFICIENCY OF THE EVIDENCE

Claimant argues that even if the WCJ appropriately considered whether an offset was proper under Section 52–1–47(D), nevertheless the evidence was insufficient to permit a reduction of benefits because respondents failed to present sufficient evidence at the motions hearing to permit the WCJ to properly compute the amount of any deduction or establish that respondents were entitled to a deduction under the criteria enunciated in *Lea County Good Samaritan Village v. Wojcik*, 108 N.M. 76, 766 P.2d 920 (Ct.App.1988). We agree.

■ Respondents have the burden of persuasion on the issue of whether an offset or deduction is appropriate, including the burden of presenting evidence of (1) the extent and nature of the worker's prior disability or disabilities; (2) the amounts of any previous awards and the amounts designated as compensation benefits; (3) the number of weeks of compensation benefits which were payable under prior awards or settlements; and (4) the extent to which payments for the last injury will duplicate payments previously made to the worker for the same bodily member or function. *See id.; see also Cano v. Smith's Food King*, 109 N.M. 50, 781 P.2d 322 (Ct.App. 1989).

When reviewing the findings of the WCJ, we look at the record as a whole. *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). Under this standard we examine all of the evidence, including evidence which 'fairly detracts' from the administrative findings, as well as that evidence which supports the judgment below. *Id.* at 129, 767 P.2d at 368 (quoting *Universal Camera Corp. v. National Labor Relations Bd.*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). Claimant argues that there was no competent evidence to support the WCJ's findings authorizing an offset and that administrative decisions must be supported by a residuum of evidence which would be properly admissible at a jury trial. *See Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.*, 101 N.M. 291,

681 P.2d 717 (1984); *Young v. Board of Pharmacy*, 81 N.M. 5, 462 P.2d 139 (1969). We understand respondents' contention to be that there is evidence that payments made on account of claimant's 1982 and 1983 injuries, duplicated, in part, disability benefits paid or payable after March 24, 1987. We review the pertinent evidence in light of this contention.

■ At the hearing on claimant's motion for issuance of a supplemental order and respondents' motion for a reduction of the 1988 award, both parties relied upon affidavits and arguments of counsel. Except for the amended affidavit of claimant, which contained an attached letter from The Travelers Insurance Company referring to the terms of the settlement with respect to the 1982 accident, the contents of the other affidavits submitted by the parties were controverted. Neither party requested the WCJ to take official notice of specific matters, called any witnesses, nor offered any testimony by deposition at the hearing. No documentary evidence was offered or received into evidence. Under this state of the record, was there sufficient evidence presented at the hearing to support the WCJ's finding and order allowing respondents offsets against the 1988 award? We conclude that there was not.

■ The evidence presented by respondents at the hearing on its motion for reduction pertaining to the 1982 award, consisted of an affidavit by respondents' former attorney. The affidavit stated that claimant was allocated under the 1982 settlement "five and one-half weeks of temporary total disability compensation and 150 weeks of scheduled injury compensation rights, [and the parties] agreed to settle his claim for a lump sum settlement of $8,131.31, plus $818.13 for attorney fees." Also, an affidavit submitted by claimant at the motion hearing incorporated a letter from The Travelers Insurance Company indicating that respondents' insurance carrier intended the benefits for the 1982 award to include 150 weeks of future wage loss compensation. Claimant argues that the document referring to the letter from the insurance company constituted an out-of-

court statement, was inadmissible hearsay, and such evidence was insufficient to satisfy the requirements of the legal residuum rule. *Duke City Lumber Co.; Young v. Board of Pharmacy; Armijo v. State Through Transp. Dep't,* 105 N.M. 771, 737 P.2d 552 (Ct.App.1987). *Armijo,* discussing the legal residuum rule, stated that administrative findings will be set aside by a reviewing court unless the finding is supported by evidence which would be admissible at a jury trial.

We determine that the letter relied upon by respondents, and which was attached to claimant's amended affidavit at the motions hearing, withstands claimant's hearsay challenge and contention that it was considered by the WCJ contrary to the legal residuum rule, because it was admissible under SCRA 1986, 11–801(D)(2). *See also Nichols v. Nichols,* 98 N.M. 322, 648 P.2d 780 (1982) (admissions in briefs may substitute for facts of record). Even though we determine that the challenged letter constitutes evidence that was properly before the WCJ, nevertheless, we find that respondents have failed to present sufficient evidence to satisfy respondents' burden of proof of a right to a deduction from the 1988 award for alleged duplicative payments with respect to the 1982 or 1983 injuries. *See Lea County Good Samaritan Village v. Wojcik.*

The 150 weeks of compensation included under the terms of the 1982 settlement would have extended only until December 1985. Thus, payments under the 1982 settlement terminated prior to April 15, 1986, when claimant suffered his third accident giving rise to the 1988 award. Therefore, the prospective compensation payable under the 1982 settlement award, in weekly terms, did not overlap the 1988 award. Respondents urge us to adopt a rule that any payment, no matter how long it was intended to extend, should result in an offset against a subsequent compensation award. To do so, respondents urge us to disregard *Cano.* We decline to modify *Cano.*

*Cano* held in part that an employer must prove the conditions to applicability of Section 52–1–47(D) and prove how many weeks

the parties intended a prior lump sum to cover. If the claimant reinjured the same member or function during that period of coverage, then the amount from the prior lump sum which represented weekly sums to be paid after the onset of the subsequent disability would be deducted from the subsequent award. *Id.* As shown by a letter from The Travelers Insurance Company, contained in the record in the instant case, the parties intended claimant's 1982 settlement award to last until December 1985. Thus, the first award did not overlap the 1988 award for a disability which began in March 1987, well over a year after the 1982 settlement coverage expired. It follows that the hearing officer's conclusion that claimant received overlapping payments from his 1982 settlement is contrary to the evidence.

Respondents' answer brief refers to claimant's concession that he received compensation for his 1983 and 1986 injuries, and to prior testimony of claimant given at an earlier proceeding, as evidence supportive of the WCJ's order permitting the deduction. Although we agree that admissions of a party, as well as other properly presented evidence, including matters which may be officially noticed, may be considered at motions hearings, a party seeking relief based upon disputed factual matters has the burden of proof of presenting sufficient evidence to support such contentions. *See Wallace v. Wanek,* 81 N.M. 478, 468 P.2d 879 (Ct.App.1970).

We determine that the testimony in question was insufficient to meet respondents' burden of proof for a deduction as required by *Lea County Good Samaritan Village,* because respondents failed to present evidence in the record indicating the specific basis for any compensation payments which are currently being received by claimant pursuant to prior settlement awards, respondents did not present evidence indicating the total amount of any weekly payments currently being received by claimant, and respondents failed to establish the extent to which payments for the last disability duplicates payments being received by the claimant under prior

awards of disability. Respondents' burden of proof included the duty to establish by proper evidence "the number of weeks of compensation benefits which were paid or payable to the worker for permanent or partial disability [and] * * * the extent to which payments for the second injury will duplicate payments previously made to the worker for the prior accidental injury to the same bodily member or function." *Lea County Good Samaritan Village v. Wojcik*, 108 N.M. at 81, 766 P.2d at 925. *See also Cano v. Smith's Food King.*

■ Claimant also argues that the facts recited in respondents' memorandum presented at the motions hearing did not constitute valid evidence to support the granting of an offset of benefits under Section 52–1–47(D). We agree. Arguments or recitations of counsel, whether presented orally or by memoranda or in briefs, are not evidence. *See Phillips v. Allstate Ins. Co.*, 93 N.M. 648, 651, 603 P.2d 1105, 1108 (Ct.App.1979). *Accord Savinsky v. Bromley Group, Ltd.*, 106 N.M. 175, 740 P.2d 1159 (Ct.App.1987). In *Phillips* this court considered whether an averment in a memorandum opposing a summary judgment constituted evidence. We held such matters were not evidence and that motions for summary judgment must be supported by "such facts as would be admissible in evidence * * *." SCRA 1986, 1–056(E). We conclude that the same rationale applies to matters relied upon as support for findings of fact in administrative proceedings. Moreover, the administrative rules adopted by the workers' compensation administration and which were in force at the time of the motions hearing in the instant case, stated that "[e]xcept where provided otherwise in these Rules, the Rules of Evidence for the District Courts shall apply." Workers' Compensation Administration Evidentiary Rule I(1) (1986–3).

At the conclusion of the hearing on claimant's motion for supplementary order and respondents' motion for reduction of benefits, respondents stated they would obtain additional information regarding earlier payments which had been made to claimant. The WCJ stated that this information would not be marked as evidence. We assume, but do not decide, that the parties agreed that the WCJ could consider such evidence in ruling upon the motions. Nevertheless, even if such evidence could be considered to constitute admissible evidence, a review of the whole record indicates that respondents failed to sustain the requisite burden of proof to support allowance of a deduction. *See Tallman; Lea County Good Samaritan Village v. Wojcik.*

Respondents argue that they are entitled under any circumstances to an offset for payments made with respect to the 1983 injury that duplicated payments for the 1982 injury. The evidence, however, fails to support such contention. Moreover, the 1982 and 1983 injuries were to different parts of the body, thus Section 52–1–47(D) is inapplicable. A careful review of the record fails to indicate the existence of evidence to support the WCJ's findings or decision granting respondents' motion for reduction of claimant's benefits.

In sum, respondents failed to present sufficient evidence to support the order of the WCJ directing a reduction of the 1988 workers' compensation award. *See Lea County Good Samaritan Village v. Wojcik.*

### III. ATTORNEY FEES

■ Claimant contends that the WCJ failed to award proper attorney fees for the services of his counsel at the administrative hearing on both the motions of claimant and respondents; claimant also seeks attorney fees incident to this appeal. The WCJ awarded claimant attorney fees in the amount of $8,185.34 for legal services in connection with the 1988 award. No award of attorney fees was given to claimant following the hearing on the post-award motions. In its motion to reduce the 1988 award, respondents did not seek to reduce the attorney fee component of that award. Claimant argues, however, that he should have been awarded attorney fees for work involved in resisting respondents' motion to reduce the 1988 award.

In view of our ruling that the WCJ erred in granting a reduction against the 1988 award, on remand the WCJ should deter-

mine a proper amount for the services of claimant's attorney incident to the administrative hearing on the motions of both claimant and respondents.

CONCLUSION

We reverse and remand this case to the WCJ with directions to vacate the order offsetting claimant's disability award of 600 weeks, and for further proceedings in conformity with this opinion. Claimant is awarded $1,000 for his attorney fees incident to this appeal.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.