879 P.2d 799

George YATES, Petitioner–Appellee,

v.

**PHELPS DODGE CORPORATION,**
Respondent–Appellant.

No. 14981.

Court of Appeals of New Mexico.

June 29, 1994.

Certiorari Denied July 27, 1994.

Charles A. Harwood, Silver City, for petitioner-appellee.

Joseph William Reichert, Arlon L. Stoker, Jr., P.A., Albuquerque, for respondent-appellant.

*OPINION*

APODACA, Judge.

On the Court's own motion, the original opinion filed on May 24, 1994, is withdrawn, and the following opinion is filed in its place.

Appellant (Employer) appeals the decision of the workers' compensation judge (judge) denying Employer's motion requesting credit for benefits Employer is paying to Appellee (Worker) as a result of a previous accident suffered by Worker in Arizona. The issue raised on appeal is whether Employer was entitled to a credit pursuant to NMSA 1978, Section 52–1–47 (Repl.Pamp.1991) (effective until January 1, 1991), for benefits paid under Arizona's workers' compensation law where New Mexico could not have asserted jurisdiction over that accident. Because we determine that New Mexico could not assert jurisdiction over an accident and resulting benefits that were governed by the laws of another jurisdiction, we hold that the judge properly denied allowance of credit for those benefits. We thus affirm.

**FACTS**

Worker was employed by Employer in Arizona when he suffered a work-related injury to his lower back in Arizona in 1963. As a result of that injury, he has been receiving workers' compensation benefits awarded under the laws of Arizona in the amount of $322.99 per month. Worker later began working for Employer in New Mexico where, in 1989, he suffered a work-related injury to his neck and wrist. He has been receiving $283.70 per week in workers' compensation benefits for this separate disability. The Arizona and New Mexico benefits are being paid concurrently.

Employer applied to the Workers' Compensation Administration requesting an order for reduction, termination, or determination of the benefits it owed Worker. Employer also filed a motion for summary judgment, arguing it was entitled to a credit for the approximately $15,000 in benefits it had paid to Worker for the Arizona accident against the benefits it was paying Worker for the New Mexico accident. In response, Worker filed a cross-motion for summary judgment, contending that Employer was not

entitled to the credit. The judge determined that Employer was not entitled to the credit, thus denying Employer's motion and granting Worker's motion for summary judgment.

## DISCUSSION

■ Employer's argument focuses on Section 52–1–47, which states in part:

A. compensation benefits for any combination of disabilities or any combination of disabilities and death shall not be payable for a period in excess of seven hundred weeks;

B. compensation benefits for any combination of disabilities or any combination of disabilities and death shall not exceed an amount equal to seven hundred multiplied by the maximum weekly compensation payable at the time of the accidental injury resulting in the disability or death....

Employer contends that the "clear and unambiguous" language of these subsections requires that the seven-hundred-week limitation applies to the Arizona award so that Employer should be credited with the sums it has paid Worker under the laws of Arizona. We disagree.

Employer's argument is that Section 52–1–47(A) and (B) establishes one set of conditions under which an employer may claim a credit for benefits previously paid an injured worker, while Section 52–1–47(D) establishes another set of conditions under which a credit may be claimed. The parties agree that Section 52–1–47(D) does not apply to the facts of this case because Worker's two injuries were to different members or functions. Employer claims that its proposed approach is consistent with *Gonzales v. Stanke–Brown & Associates,* 98 N.M. 379, 648 P.2d 1192 (Ct.App.1982), and *Munoz v. Deming Truck Terminal,* 110 N.M. 537, 797 P.2d 987 (Ct. App.1990). In our opinion, *Gonzales* and *Munoz* do not control the result of this case.

*Gonzales* concerned the apportionment of liability between two insurance companies under Section 52–1–47(D) where a worker suffered successive injuries to his back while working for one employer. *Gonzales,* 98 N.M. at 386–87, 648 P.2d at 1199–200. This Court stated that:

Liability for disability resulting from the second accidental injury is reduced to the extent of benefits paid or payable for disability resulting from the first accidental injury if the requirements of § 52–1–47(D) are met. Even if these requirements are not met, the limitations in § 52–1–47(A) and (B) apply.

*Id.* at 386, 648 P.2d at 1199. Similarly, in *Munoz,* which also involved a worker who suffered successive injuries while working for the same employer, we stated that "[Employer and Insurer] also note that under Section 52–1–47(A) and (B) no combination of disabilities can exceed the statutory compensation period." *Munoz,* 110 N.M. at 539, 797 P.2d at 989. However, in both cases, the statements regarding the effects of Section 52–1–47(A) and (B) were dicta. *Gonzales* stated that "[t]here is no issue in this case as to the application of § 52–1–47(A) and (B)." *Gonzales,* 98 N.M. at 386–87, 648 P.2d at 1199–200; *see also Munoz,* 110 N.M. at 539, 797 P.2d at 989 (stating that this Court need not consider whether Section 52–1–47(A) and (B) applied because employer and insuror neither made a legal argument nor pointed to evidence entitling them to an offset under those provisions). *Gonzales* and *Munoz* were concerned solely with the application of Section 52–1–47(D) to the facts of those cases and therefore do not govern the outcome of this appeal.

Under Employer's interpretation, the effect of Section 52–1–47(A) and (B) would be to limit any worker's receipt of workers' compensation benefits to a lifetime maximum, regardless of how unrelated the disabilities were. The language of Section 52–1–47(A) and (B) does not unambiguously purport to establish such a lifetime limitation, nor do we know of any case law establishing such an interpretation. However, as in *Munoz* and *Gonzales,* the interpretation of Section 52–1–47(A) and (B) need not be determined at this time because we hold that, even if the limitations contained in those subsections apply in the manner Employer contends, they do not apply to benefits received under the laws of another state.

■ Employer points out that Section 52–1–47 does not state it does not apply to

compensation benefits a worker is receiving under the laws of another state. However, neither does the statute state it applies only to benefits paid under New Mexico workers' compensation law. Therefore, we cannot accept Employer's contention that legislative silence on this point means the legislature intended Section 52-1-47(A) and (B) to allow Employer an offset under the facts of this appeal. It is well established in New Mexico that courts will not add language to a statute unless it is necessary to prevent absurdity or to achieve the obvious intent of the legislature. *Dona Ana Sav. & Loan Ass'n v. Dofflemeyer*, 115 N.M. 590, 594, 855 P.2d 1054, 1058 (1993). Employer's interpretation would require the addition of such language.

Additionally, Employer's argument ignores the provisions of NMSA 1978, Section 52-1-64 (Repl.Pamp.1991). Section 52-1-64 states the conditions under which a worker injured while working outside New Mexico may nonetheless recover workers' compensation benefits in New Mexico. This Court has stated that "Section 52-1-64 is not ambiguous. New Mexico can provide extraterritorial coverage only if the employment is 'localized' [in New Mexico] or the 'contract of hire' was formed in [New Mexico]." *Orcutt v. S & L Paint Contractors, Ltd.*, 109 N.M. 796, 798, 791 P.2d 71, 73 (Ct.App.1990). It is undisputed that, under the facts of this appeal, New Mexico could not have asserted jurisdiction over Worker's 1963 injury. *Cf. Webb v. Arizona Pub. Serv. Co.*, 95 N.M. 603, 608, 624 P.2d 545, 550 (Ct.App.1981) (Arizona workmen's compensation tribunal could determine worker's rights under Arizona law, but it had no authority to pass on worker's rights under New Mexico law). *But see Smith v. City of Albuquerque*, 105 N.M. 125, 133, 729 P.2d 1379, 1387 (Ct.App.1986) (without discussing issue of jurisdiction, allowing employer to receive credit under Section 52-1-47(D) for overlapping payments resulting from an award by the Colorado Industrial Commission for a partial disability involving the same part of worker's body).

Only one other state apparently has considered whether an employer may obtain credit for benefits paid for an earlier accident that was covered solely by the workers' compensation laws of another state. In *Mavroulias v. Mugiana*, 155 Pa.Super. 573, 39 A.2d 263 (1944), the worker, while employed by a different employer, was injured in Ohio in 1931. As a result, he received disability benefits pursuant to Ohio law from 1931 until March 20, 1942. *Id.* 39 A.2d at 264. After his Ohio accident, the worker moved to Pennsylvania, where he was injured again and became totally disabled in 1937. *Id.* 39 A.2d at 263-64. As a result, he was receiving disability benefits under both Ohio and Pennsylvania law concurrently and was receiving more than the maximum weekly amount that Pennsylvania allowed. *Id.* 39 A.2d at 264. The Pennsylvania Superior Court held that the Pennsylvania employer was not entitled to receive any credit for the benefits the worker was receiving under Ohio law. *Mavroulias* stated:

Nothing has been presented to us to indicate that the Ohio injury [that] claimant sustained in 1931 could possibly come under the jurisdiction of the compensation authorities of Pennsylvania. The Industrial Commission of Ohio ordered compensation paid to this claimant for temporary partial disability resulting from the accident in that state. On what ground could he be required to virtually surrender those payments? His injury in Ohio did not incapacitate him so that he could not work, or prevent him from subsequently entering into a contract of employment in Pennsylvania.... Furthermore, his total disability is due to and the result of the accidental injury in Pennsylvania in 1937. For this he is entitled to the compensation provided by our act, and there is no basis in law or reason to require that credit be given for the Ohio payments although concurrently made. The practical aspects of the case disclose the fallacy of appellant's position. If claimant had received in full the compensation for disability resulting from the Ohio accident in 1931 before he became employed by defendant employer, there certainly would be no reduction in the amount of compensation [that] he is entitled to receive as a result of the accident in Pennsylvania. The mere fact that the Ohio payments had not been completed before the accident in this state does not

change the situation.... Claimant is not receiving under the Pennsylvania Workmen's Compensation Act more than the maximum payments provided therein for total disability. An application of appellant's theory might deprive claimant ... of virtually all compensation for the overlapping periods.

*Id.* 39 A.2d at 265.

We consider the reasoning of *Mavroulias* applicable to the facts in this appeal. As in *Mavroulias,* New Mexico could not assert jurisdiction over Worker's 1963 accident in Arizona for which he is receiving benefits under Arizona. law. Employer attempts to distinguish *Mavroulias* on the grounds that the Pennsylvania Act explicitly stated that it did not apply to accidents occurring in other states, *id.* 39 A.2d at 264–65, and claims that New Mexico's Act does not include a comparable provision. Although we recognize that the statutory provisions differ, we consider Section 52–1–64, which limits New Mexico's extraterritorial jurisdiction to cases where the worker's contract of hire was either made in New Mexico or the worker's employment was primarily localized in New Mexico, to be comparable to the Pennsylvania statute. Additionally, this appeal does not present us with a situation where either of Worker's accidents was covered by the laws of both New Mexico and another state. *See* NMSA 1978, § 52–1–65 (Repl.Pamp.1991). Rather, one accident came fully under the jurisdiction of Arizona, and the later accident came fully under the jurisdiction of New Mexico. Worker is not receiving more than is allowed under the New Mexico Workers' Compensation Act.

Additionally, this Court has previously held that, "where there is no statutory requirement for offset or credit or some other method to avoid overlapping or double payments [for workers' compensation benefits], we will not do so by judicial construction." *Montney v. State ex rel. Highway Dep't,* 108 N.M. 326, 330, 772 P.2d 360, 364 (Ct.App.), *cert. denied,* 108 N.M. 197, 769 P.2d 731 (1989). Under the facts presented in this appeal, where New Mexico has no jurisdiction over the benefits received by Worker under the laws of another state, there is no statutory or other basis for requiring an offset of Worker's New Mexico benefits by his Arizona benefits.

## CONCLUSION

We hold that, because New Mexico could not have asserted jurisdiction to award benefits for Worker's 1963 injury, which was governed solely by the laws of Arizona, the judge properly denied Employer credit for benefits paid to Worker for that injury. We thus affirm. Worker is awarded attorneys fees on appeal of $2,000.00, plus gross receipts tax of $127.50.

**IT IS SO ORDERED.**

MINZNER, C.J., and FLORES, J., concur.