This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38737**

**RACHEL LAY,**

Worker-Appellant,

v.

**CC JONES TRUCKING and
RETENTION MANAGEMENT
SERVICES,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Shanon S. Riley, Workers' Compensation Judge**

Dorato & Weems LLC
Derek Weems
Albuquerque, NM

for Appellant

Hoffman Kelley Lopez, LLP
Jeffrey L. Federspiel
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Rachel Lay (Worker) appeals the Workers' Compensation Judge's (WCJ) order denying her application for bad faith or unfair claims processing against CC Jones Trucking and Retention Management Services (Employer/Insurer). The application was founded on Employer/Insurer's denial of and/or failure to timely authorize medical care requested from December 2018 through February 2019. Worker asserted that

Employer/Insurer's conduct violated the terms of a prior agreement and order that required Employer/Insurer to (1) approve all care requested by Worker's authorized healthcare provider within fourteen days and (2) follow a specific procedure before a request could be denied. Worker argues that WCJ erroneously determined that Employer/Insurer had a reasonable basis to deny the requested care without following the procedure set forth in the order. We reverse and remand for reconsideration of Worker's bad faith and unfair claims processing claims.[1]

**BACKGROUND**

**{2}** Worker suffered injuries in a work-related automobile accident. Worker filed a workers' compensation claim in 2011, and in 2012, the WCJ ordered Employer/Insurer to begin paying indemnity benefits. Between 2013 and 2015, Employer/Insurer repeatedly denied Worker medical benefits, including those mandated by previous orders. As a result of Employer/Insurer's recurrent denial of benefits, Worker filed multiple applications for bad faith and unfair claims processing. *See* NMSA 1978, § 52-1-28.1 (1990).

**{3}** In June 2018, the parties entered into a settlement agreement to resolve Worker's claims for bad faith and unfair claims processing. The WCJ issued an order based on the settlement agreement. That order contained the following finding and conclusion relevant to our analysis:

> As further consideration for settlement of bad faith and/or unfair claims processing practices claims, Employer/Insurer shall timely approve *all* referrals and treatment recommendations by authorized healthcare providers for treatment of medical conditions causally related to the work injury, *it being the specific intent of the settlement that medical care requested by the authorized healthcare provider is reasonable and necessary and shall be approved by Employer/Insurer within fourteen (14) days* of a request for authorization from an authorized healthcare provider. *Employer/Insurer may file an Application seeking a determination that medical benefits provided are no longer or were not reasonable and necessary, so long as the Application contains medical evidence supporting and substantiating the Application.* Medical care requested by the authorized healthcare provider is reasonable and necessary until an [o]rder is entered by the Workers' Compensation Association Judge stating the requested care is not reasonable and necessary. . . . To be clear, it is the intention of this agreement . . . that the Employer/Insurer shall timely authorize medical benefits requested by the Worker's authorized providers, and that they shall not refuse to pay for a medical benefit requested in a timely manner. *The only time that the*

---

[1] Worker raises a number of additional claims of error on appeal. Other than our discussion of the WCJ's analysis of an investigation into attorney fees, we do not address the other issues in light of our holding.

> *Employer/Insurer may not pay for requested care is if a WCJ has entered an* [o]*rder allowing Employer/Insurer to deny the requested care.*

(Emphases added.)

**{4}** In 2019, Worker filed another application for bad faith and unfair claims processing against Employer/Insurer. Worker alleged that Employer/Insurer failed to comply with the 2018 order by not timely approving requested care and denying medical care without seeking the requisite order from the WCJ. Worker also asked the WCJ to allow discovery into Employer/Insurer's payment of attorney fees. Employer/Insurer did not file a response to Worker's application.

**{5}** At trial, Employer/Insurer argued that the requested medical care had been denied because it was not "cause-related to the work injuries." When asked by the WCJ why, in light of the 2018 order, it had not filed an application before denying the request, the Employer/Insurer replied that it was only required to file an application when seeking a determination that the care was not reasonable and necessary, and the 2018 order did not require Employer/Insurer to file an application when denying a claim because it was not causally related.

**{6}** Following trial, the WCJ issued an order finding that Employer/Insurer had a reasonable basis for initially denying the requested medical care as not "causally related" to the work injuries. Nevertheless, the WCJ deemed the requested medical care to be reasonable and necessary and ordered Employer/Insurer to approve the outstanding requests within fifteen days. The order concluded by denying Worker's claims for bad faith and unfair claims processing, and found that Employer/Insurer had not violated the statute governing attorney fees. *See* NMSA 1978, § 52-1-54(I) (2013). Worker now appeals the 2020 order denying both her claims of bad faith and unfair claims processing as well as her request to conduct discovery regarding Employer/Insurer's attorney fee payments.

**DISCUSSION**

**I.     Bad Faith and Unfair Claims Processing**

**{7}** Worker argues that the WCJ erred in denying her application for bad faith and unfair claims processing because the 2018 order required Employer/Insurer to submit an application before denying medical care and, based on the terms of that order, the WCJ erred in concluding that Employer/Insurer had a reasonable basis to deny medical care.[2]

---

2Worker also argues that she is entitled to common law bad faith remedies. We must reject that argument because our Supreme Court has previously determined that Section 52-1-28.1 provides an exclusive and adequate remedy for bad faith claims. *Cruz v. Liberty Mut. Ins. Co.*, 1995-NMSC-006, ¶¶ 9, 14, 119 N.M. 301, 889 P.2d 1223.

**{8}** "We review workers' compensation orders using the whole record standard of review." *Melendez v. Salls Bros. Constr., Inc.*, 2018-NMCA-028, ¶ 15, 415 P.3d 1006 (internal quotation marks and citation omitted). Whole record review canvases "all the evidence bearing on a finding or decision, favorable and unfavorable, in order to determine if there is substantial evidence to support the result." *Leonard v. Payday Pro.*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177 (internal quotation marks and citation omitted). "We will affirm the agency's decision if, after taking the entire record into consideration, there is evidence for a reasonable mind to accept as adequate to support the conclusion reached." *Id.* (internal quotation marks and citation omitted).

**{9}** The 2018 order stated that *all* medical care requested by Worker's authorized healthcare provider "is reasonable and necessary." The 2018 order also stated that Employer/Insurer had to approve requested care within fourteen days. Employer/Insurer could still dispute whether the requested care was reasonable or necessary, but it was required by the 2018 order to file an application with the WCJ and include medical evidence to support its position. The 2018 order expressly stated that Employer/Insurer could not deny any requested medical care before the WCJ issued an order allowing Employer/Insurer to deny the requested care.

**{10}** On appeal, the parties do not dispute that Employer/Insurer failed to follow this procedure before denying care requested by Worker's authorized healthcare provider. Employer/Insurer took the position that it was not required to follow the procedure in the 2018 order when denying care on the basis that it is not causally related to the workplace accident. We disagree with this position.

**{11}** First, under the plain terms of the 2018 order, Employer/Insurer was not permitted to deny any medical care requested by Worker's authorized healthcare provider unless the WCJ had issued an order allowing it to do so. This term necessarily requires that the Employer/Insurer file an application with the WCJ any time it wishes to deny a request for medical care, regardless of the reason for disputing it.

**{12}** Second, by deeming all of the medical care requested by Worker's authorized healthcare provider to be reasonable and necessary, the parties necessarily also agreed that such care was causally related to the workplace accident. Claims for compensation are allowed only if the claim satisfies the requirements of NMSA 1978, Section 52-1-28(A) (1987), including that the disability be "a natural and direct result of the accident." Section 52-1-28(A)(3). Once a worker has established a right to compensation under Section 52-1-28, the employer/insurer must "provide the worker in a timely manner reasonable and necessary health care services from a health care provider." NMSA 1978, § 52-1-49(A) (1990); *see also Douglass v. N.M. Regul. & Licensing Dep't*, 1991-NMCA-041, ¶ 19, 112 N.M. 183, 812 P.2d 1331 (explaining that "the right to recover medical benefits requires a showing that worker has suffered a 'compensable injury' *before* medical benefits may be awarded" (emphasis added)). Consequently, by agreeing as they did, the parties' 2018 order established that all of the requested care was presumed to be reasonable and necessary, and thus causally related to the workplace accident. Given this, we agree with Worker that while

Employer/Insurer could certainly contest causation, a causation challenge still falls within the scope of the 2018 order.

**{13}** In sum, regardless of whether Employer/Insurer had a reasonable basis to believe that the requested medical care was not causally related, it was obligated to follow the procedures it stipulated to in the 2018 order before denying the care, i.e., file an application seeking a determination on the matter and present medical evidence supporting and substantiating the basis for the application. In light of the plain terms of the 2018 order, the WCJ erred in concluding that Employer/Insurer had a reasonable basis for denying medical care when Employer/Insurer did not comply with the procedure set forth in the 2018 order. We reverse and remand for reconsideration of Worker's bad faith and unfair claims processing claims.

## II.    Attorney Fees

**{14}** Worker also challenges the WCJ's denial of an investigation into the attorney fees paid to Employer/Insurer's counsel. Worker argues the WCJ erred by accepting argument by counsel as evidence that Employer/Insurer had not violated the statutory fee cap. *See* § 52-1-54(I) ("Attorney fees[] . . . shall not exceed twenty-two thousand five hundred dollars ($22,500)."). Worker correctly notes that arguments made by counsel are not evidence. *See Munoz v. Deming Truck Terminal*, 1990-NMCA-084, ¶ 20, 110 N.M. 537, 797 P.2d 987. According to the 2020 order, however, the WCJ based her denial on the testimony of Employer/Insurer's adjuster. Worker has not challenged the WCJ's finding that the adjuster's testimony was sufficiently supported by substantial evidence. *See* Rule 12-318(A)(4) NMRA ("The argument shall set forth a specific attack on any finding, or the finding shall be deemed conclusive. A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence."); *see also Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341.

**{15}** Furthermore, Worker asks this Court to remand the matter, "requiring" the WCJ to investigate payments made to Employer/Insurer's counsel. However, authority to investigate the overpayment of attorney fees lies solely with the Workers' Compensation Administration and the enforcement bureau. *See* NMSA 1978, § 52-5-1.3(B) (2013); *see also* 11.4.5.3 NMAC. Worker does not cite any authority indicating how this Court could mandate the WCJ to investigate payment of attorney fees under the circumstances. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Accordingly, we affirm the WCJ's decision to deny an investigation into Employer/Insurer's payment of attorney fees.

## CONCLUSION

**{16}** For the foregoing reasons, we reverse and remand to the WCJ for reconsideration of Worker's claim of bad faith or unfair claims processing. We otherwise affirm.

**{17} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**