737 P.2d 552

**Epifanio ARMIJO, Plaintiff-Appellant,**

v.

**The STATE of New Mexico Through its Agency the TRANSPORTATION DEPARTMENT and the Motor Vehicle Division, Defendant-Appellee.**

**No. 8824.**

Court of Appeals of New Mexico.

March 31, 1987.

Mark J. Riley, Padilla, Riley & Shane, P.A., Albuquerque, for plaintiff-appellant.

Wanda Wilkinson, Transp. Dept., Santa Fe, for defendant-appellee.

## OPINION

GARCIA, Judge.

This case involves an appeal from a district court review of an administrative revocation of appellant's driver's license pursuant to NMSA 1978, Section 66–8–112 (Cum.Supp.1986). We are asked to address the question of whether a motorist's statements and other evidence obtained by the police following the traffic stop are admissible at an administrative hearing when the motorist was not given *Miranda* warnings; and, whether the exclusionary rule is applicable to administrative hearings conducted for the purpose of revoking a driver's license.

### FACTS

Appellant was stopped by an off-duty motorcycle police officer when the officer observed appellant's truck pass through an intersection against a red light. After turning on his emergency signals and stopping appellant, the officer approached the truck and requested that appellant step down. The officer detected a strong odor of alcohol on appellant's breath and observed that appellant had to hold onto the truck for balance after getting out. The officer testified that he asked appellant whether he had been drinking and appellant responded that he had had two beers. The officer then conducted field sobriety tests which appellant failed. The officer suspected appellant of driving while under the influence of intoxicating liquor (DWI) and asked him to get back into his truck while the officer radioed headquarters to dispatch a unit to transport appellant to the detention center.

A second officer arrived at the scene while the first officer was writing a citation to appellant for driving through a red light. The first officer told him that he believed appellant was DWI.

The second officer testified that he considered appellant under suspicion and investigation for DWI and not free to leave the scene of the stop. The second officer approached appellant and questioned him about his drinking. These questions were initiated without advising appellant of his *Miranda* rights. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant told the officer that he consumed about five beers. The second officer asked appellant to step out of the vehicle and had him repeat the field sobriety tests. The second officer testified that appellant again failed the field sobriety tests and that he was then formally placed under arrest, transported to the Bernalillo County Detention Center and administered a breathalyzer test. The results of the test registered a .15% blood alcohol content.

Subsequently, an administrative hearing was held and appellant's driver's license was revoked. Appellant appealed to the district court, NMSA 1978, Section 66–8–112(G), which affirmed the revocation. The district court found that under the facts presented, appellant was not entitled to *Miranda* warnings, and further held that

the exclusionary rule does not apply to civil proceedings.

ISSUE 1

■ No New Mexico case addresses the question of whether *Miranda* warnings must be given incidental to a routine traffic stop. This issue, however, has been considered by the United States Supreme Court in *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In *Berkemer*, a case factually similar to our own, the Supreme Court opined that "noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not 'in custody' for the purposes of *Miranda*." *Id.* at 440, 104 S.Ct. at 3150. The roadside questioning of a motorist pursuant to a routine traffic stop does not constitute custodial interrogation. *Miranda* warnings are required after a traffic stop only if defendant can "demonstrate that, at any time between the initial stop and the arrest, he was subjected to restraints comparable to those associated with a formal arrest." *Id.* at 441, 104 S.Ct. at 3151. The fact that the motorist may temporarily feel that he is not free to leave does not render him "in custody" for purposes of *Miranda*. *See State v. Hackworth*, 69 Or.App. 358, 685 P.2d 480 (1984); *see also State v. Hervey*, 70 Or.App. 547, 689 P.2d 1322 (1984).

■ Appellant makes much of the fact that the second officer did not believe appellant was free to leave the scene. However, the police officer's subjective state of mind is not the appropriate standard for determining whether an individual has been deprived of his freedom of movement in any significant way. *People v. Wallace*, 724 P.2d 670 (Colo.1986) (en banc); *see also Berkemer v. McCarty; State v. Hackworth.*

■ In *State v. Bramlett*, 94 N.M. 263, 609 P.2d 345 (Ct.App.1980), this court held that when the officer testified he would have "persuaded" defendant to stay had he tried to walk away, defendant was effectively in custody and entitled to be advised of his rights. However, in *Berkemer*, the Supreme Court disapproved such a test and stated: "A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." 468 U.S. at 442, 104 S.Ct. at 3151 (footnote omitted). The question before us is whether a reasonable person in appellant's situation would have understood himself to be in custody or under restraints comparable to those associated with a formal arrest. *People v. Wallace; State v. Hackworth.* We agree with the district court's finding and hold that appellant in this case was not so restrained. To the extent that *State v. Bramlett* is contrary to the holding in this case as well as the holding in *Berkemer v. McCarty* it is overruled.

The cases subsequent to *Berkemer* uniformly hold that noncoercive questioning, necessary to obtain information to issue a traffic citation, does not rise to the level of custodial interrogation requiring *Miranda* warnings. *See, e.g., People v. Wallace; People v. Archuleta*, 719 P.2d 1091 (Colo. 1986) (en banc); *State v. Kuba*, 706 P.2d 1305 (Haw.1985); *State v. Wyatt*, 687 P.2d 544 (Haw.1984); *City of Billings v. Skurdal*, 730 P.2d 371 (Mont.1986); *State v. Hervey*. The same is true of reasonable requests by officers to perform field sobriety tests. *See id.*

The facts in this case do not indicate that appellant was "in custody". That he was asked to repeat the field sobriety tests and answer questions posed by the second officer does not elevate the stop to custody. Generally, custodial interrogation does not occur at a traffic stop based upon: "(1) the routineness of the questions; (2) the generally brief detention; and (3) the fact that such stops are in the public view." *City of Billings v. Skurdal*, 730 P.2d at 374; *see Berkemer v. McCarty.*

■ The privilege against self-incrimination is not necessarily implicated whenever a person is compelled in some way to cooperate in developing evidence which may be used against him. *State v. Wyatt.* As a general rule, questions asked by offi-

cers during their investigations are not subject to *Miranda* warnings if the defendant is not in custody. *See State v. Swise*, 100 N.M. 256, 669 P.2d 732 (1983). On the scene questioning does not require advisement of *Miranda* rights. *State v. Segotta*, 100 N.M. 18, 665 P.2d 280 (Ct.App.1983). A field sobriety test, in and of itself, does not violate this privilege. *See id.* Inculpatory statements made to police during the traffic stop, prior to formal arrest, are not the product of "custodial interrogation." *See State v. Roberti*, 298 Or. 412, 693 P.2d 27 (1984) (en banc).

In light of the foregoing, appellant's *Miranda* rights were not violated. We affirm on this issue.

**ISSUE 2**

▆ As noted earlier, the district court held that the rule excluding evidence improperly obtained against a person's constitutional rights does not apply in a civil proceeding. We agree as to noncustodial interrogation. This appeal does not involve a criminal prosecution but, rather, a civil forfeiture procedure. In general, *Miranda* requirements are inapplicable to driver's license forfeiture proceedings, since such a proceeding is civil in nature. *Village of Menomonee Falls v. Kunz*, 126 Wis.2d 143, 376 N.W.2d 359 (Ct.App.1985); *see also Miranda v. Arizona.* Since this case does not involve a criminal prosecution, appellant did not incriminate himself by virtue of his statements and other evidence obtained at the time of the traffic stop.

▆ Nonetheless, because our ruling today only applies to noncustodial interrogation, we do not wish to imply that statements made in custodial situations, in violation of constitutionally protected rights, are admissible in civil proceedings. *See Village of Menomonee Falls v. Kunz.* Fifth amendment rights are retained in a civil forfeiture proceeding. *See id.*

We appreciate that under our legal residuum rule a reviewing court must set aside an administrative finding unless the finding is supported by evidence which would be admissible in a jury trial. *See Young v. Board of Pharmacy*, 81 N.M. 5, 462 P.2d 139 (1969). The Supreme Court did not hold, nor did we, that *Miranda* warnings are never required when police arrest a person for allegedly committing a misdemeanor traffic offense. To the contrary, the Court reaffirmed the principle that a person subjected to *custodial* interrogation is entitled to the *Miranda* safeguards. *Berkemer*, 468 U.S. at 434, 104 S.Ct. at 3147. We note that when the "motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by *Miranda.*" *See Berkemer*, 468 U.S. at 440, 104 S.Ct. at 3150.

In sum, we adopt the holding in *Berkemer v. McCarty* and hold that routine traffic stops are noncustodial for purposes of *Miranda* warnings. The revocation of appellant's driver's license is affirmed.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.