This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**vs.**                                                        **No. 31,842**

**LARRY JEROMY KEDING,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Jacqueline L. Cooper, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

The State appeals an order granting in part Keding's motion to suppress evidence obtained while he was questioned by a police officer on the side of the road. In this Court's first and second notices of proposed summary disposition, we proposed to reverse. Keding has filed two memoranda in opposition, which we have duly considered. As we are not persuaded by Keding's arguments, we reverse.

In this Court's first and second notices, we proposed to conclude that the district court erred in suppressing the evidence based on a claimed *Miranda* violation. We stated that although Keding was detained for Fourth Amendment purposes, he was not in custody for purposes of *Miranda* and the Fifth Amendment. *See Armijo v. State Transp. Dep't*, 105 N.M. 771, 773, 737 P.2d 552, 554 (Ct. App. 1987) (holding that a traffic stop during which the defendant was questioned and asked to take, and then repeat, field sobriety tests did not rise to the level of custody for purposes of *Miranda* even thought the defendant was not free to leave); *see also State v. Wilson*, 2007-NMCA-111, ¶¶ 20-35, 142 N.M. 737, 169 P.3d 1184 (stating that roadside questioning during an ordinary traffic stop does not constitute custody, but that the defendant was in custody for *Miranda* purposes once he was handcuffed and placed in the back seat of a police car). In Keding's second memorandum in opposition, he relies on the same facts and authorities presented in his first memorandum in opposition. [2nd MIO 2-3] For the reasons we have discussed in our first and second

notices, we are not persuaded that Keding was in custody for purposes of *Miranda*. Accordingly, suppression was not warranted on this basis. In Keding's first memorandum in opposition, he argued that this Court could affirm the district court's suppression order on the basis that the officer lacked reasonable suspicion to detain him. We agreed that if this argument had merit, it would be a proper basis for affirmance. *See State v. McNeal*, 2008-NMCA-004, ¶¶ 12-13, 143 N.M. 239, 175 P.3d 233 (stating that although a defendant has no right to appeal an interlocutory ruling suppressing evidence, if the [s]tate brings such an appeal, a defendant may make a right-for-any reason argument in support of the district court's decision). However, we proposed to hold that the facts of this case provided the officer with a reasonable suspicion sufficient to support a brief detention in order to investigate the hand-to-hand cash transaction that he had just observed. Keding's second memorandum in opposition provides no new facts or authorities that would persuade this Court that its proposed resolution of this issue is erroneous. Accordingly, we hold that the officer had reasonable suspicion to detain Keding.

Therefore, for the reasons stated here and in our first and second notices, we reverse.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**