This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                          **NO. 33,174**

**LINA TILMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana Zamora, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     Lina Tilman (Defendant) appeals from the district court's affirmance of her convictions for DWI (first offense) and failure to maintain a traffic lane. [RP 129] Our second notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     Defendant continues to argue that she should have been *mirandized* prior to administration of the field sobriety tests. [DS 18; MIO 1] We issued our second calendar notice because of concerns regarding the scope of Defendant's argument in relation to how it was preserved below. Defendant's second memorandum in opposition to our second notice addresses our preservation concerns and concedes that her objection below was directed only to the officer's testimony regarding her performance on the "countdown test." [2nd MIO 1, 4] With this clarification, we consider Defendant's specific argument that the district court should have stricken the officer's testimony regarding her performance on the countdown test on the asserted basis that Defendant was being told to make testimonial statements without the benefit of *Miranda* warnings. [DS 10-11; RP 117, 123; 2nd MIO 4]

{3}     As we did in our first and notice notices, we rely on *State v. Randy J.*, 2011-NMCA-105, ¶ 19, 150 N.M. 683,265 P.3d 734, which addressed whether counting or reciting the alphabet during a field sobriety test is testimonial. In concluding not, *Randy J.* considered that, "[u]nlike remembering and calculating the date of one's own

2

sixth birthday, counting or recitation of the alphabet during a field sobriety test lack[s] inherent communicative value because [it does] not convey knowledge of any fact specific to the person being questioned." *Id.* ¶ 20 (internal quotation marks and citation omitted). Consistent with *Randy J.*, we disagree with Defendant's assertion that the results of her countdown test were testimonial for purposes of requiring *Miranda* warnings. While Defendant cites to out-of-state cases in support of her continued argument that countdown tests are testimonial, [2nd MIO 4-5] we rely on *Randy J.* because it is applicable and controlling New Mexico precedent, and we are not persuaded that this case should be analyzed differently.

{4} We lastly acknowledge Defendant's disagreement with our second notice's reliance on case law that provides roadside questioning and administration of field sobriety tests, nonetheless do not constitute custodial interrogation for *Miranda* purposes, even if the countdown test elicited a testimonial statement. [2nd MIO 2-3] *See generally State v. Sanchez*, 2001-NMCA-109, ¶ 22, 131 N.M. 355, 36 P.3d 446, and *Armijo v. State ex rel. Transp. Dep't*, 1987-NMCA-052, ¶¶ 6, 10, 105 N.M. 771, 737 P.2d 552. Because we hold that Defendant's response to the countdown test was non-testimonial, it is not necessary to further address this matter.

{5} Based on the foregoing discussion, as well as that provided in our first and second notices, we affirm.

{6} **IT IS SO ORDERED.**

3

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**