This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. 33,838**

**LEROY MILLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}      Defendant appeals from the denial of his motion to suppress following entry of a no contest joint conditional plea and disposition agreement wherein he reserved the right to bring this appeal. [RP 103] This Court issued a calendar notice proposing to affirm the district court's denial of Defendant's motion to suppress. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}      In this Court's calendar notice, we noted that "[l]aw enforcement officers must give a suspect *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)] warnings when the suspect is the subject of a 'custodial interrogation.'" [CN 3] We noted that, "[i]n order to establish that an individual is in custody for *Miranda* purposes, 'the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint of freedom of movement of the degree associated with a formal arrest." [CN 3 (quoting *State v. Wilson*, 2007-NMCA-111, ¶ 23, 142 N.M. 737, 169 P.3d 1184)] We proposed to conclude that the facts surrounding Defendant's interaction with the police were insufficient to rise to the level of a custodial interrogation. [CN 3-4]

{3}      In response, Defendant takes issues with this Court's notice of proposed disposition on the ground that he is not arguing that he was not properly advised of his *Miranda* rights, but that the officers failed to get a valid waiver. [MIO 3] However,

2

we note that this distinction makes little difference if *Miranda* does not apply because Defendant was not subject to a custodial interrogation.

{4} Defendant's memorandum in opposition does not identify sufficient facts to demonstrate that a custodial interrogation occurred. *See, e.g.*, *State v. Olivas*, 2011-NMCA-030, ¶¶ 11–12, 149 N.M. 498, 252 P.3d 722 (concluding that the defendant was subject to a custodial interrogation after being handcuffed, placed in the back of a marked police car, transported to the district attorney's office, interrogated in a small room with the door closed, where two officers were present at all times, and one sat between the defendant and the door); *State v. Bravo*, 2006-NMCA-019, ¶¶ 12–13, 139 N.M. 93, 128 P.3d 1070 (holding that a two-hour interrogation did not constitute a custodial interrogation when the accused drove to the police station in her own vehicle, was not placed in handcuffs or told that she was under arrest, did not inform the officers that she was tired during the two-hour interrogation, and was permitted to drive home after the interrogation). We therefore conclude that Defendant has failed to point out any actual errors in fact or in law with this Court's notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}**   Moreover, to the extent Defendant continues to argue that the police questioning him about possible criminal activity gave rise to a custodial interrogation, as we pointed out in our calendar notice, this fact, without more, is insufficient to constitute a custodial interrogation. *Cf. State v. Sanchez*, 2001-NMCA-109, ¶ 22, 131 N.M. 355, 36 P.3d 446 (stating that "[t]he roadside questioning of a motorist pursuant to a routine traffic stop does not constitute custodial interrogation" (internal quotation marks and citation omitted)); *Armijo v. State ex rel. Transp. Dep't*, 1987-NMCA-052, ¶ 6, 105 N.M. 771, 737 P.2d 552 ("*Miranda* warnings are required after a traffic stop only if defendant can 'demonstrate that, at any time between the initial stop and the arrest, he was subjected to restraints comparable to those associated with a formal arrest.'"(citation omitted)).

**{6}**   For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

**{7}**   **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**