This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39793**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RICARDO NAVARETTE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Ricardo Navarette entered a conditional plea to one count of homicide by vehicle (while under the influence of intoxicating liquor), contrary to NMSA 1978, Section 66-8-101(C) (2016), reserving the right to appeal the denial of his motion to suppress statements he made before and after his formal arrest. On appeal, Defendant argues that the statements he made before and after his formal arrest were subject to suppression because they were not preceded by *Miranda* warnings in violation of his Fifth Amendment rights. For the reasons we explain below, we reverse and remand.

**DISCUSSION**

**{2}** The district court denied Defendant's motion to suppress his statements upon its conclusion that (1) Defendant was not in custody for purposes of *Miranda*; and (2) Defendant was merely detained for investigation. Defendant argues that the denial of his motion to suppress should be reversed because (1) his confinement in a locked sheriff's vehicle for over an hour was a restraint on his freedom of movement to a degree equivalent to an arrest and therefore, Officer Mendoza was required to provide him his *Miranda* warnings prior to interrogating him; and (2) any statements he made after his formal arrest should have been suppressed because, they too, were made without first receiving *Miranda* warnings.

**{3}** The denial of a defendant's motion to suppress evidence presents a mixed question of fact and law. "This Court reviews factual matters with deference to the district court's findings if substantial evidence exists to support them, and it reviews the district court's application of the law de novo." *State v. Atencio*, 2021-NMCA-061, ¶ 13, 499 P.3d 635 (text only) (citation omitted).

**{4}** "Prior to any custodial interrogation, a person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id.* ¶ 18 (internal quotation marks and citation omitted). "*Miranda* warnings only apply when (1) the person is in custody; and (2) any questioning meets the legal definition of interrogation." *Id.* "Custody is defined as either (1) a formal arrest, or (2) a restraint on freedom of movement of the degree associated with a formal arrest." *Id.* ¶ 19 (internal quotation marks and citation omitted). We apply an objective test when determining if a suspect was in custody, and as such, the subjective beliefs of the defendant and the officers are irrelevant. *See id.* "Rather, we consider how a reasonable man in the suspect's position would have understood his situation." *Id.* (internal quotation marks and citation omitted).

**{5}** If there is no formal arrest prior to questioning, we "engage in a fact-specific analysis of the totality of the circumstances under which the questioning took place in order to decide whether the custody requirement is met." *Id.* ¶ 20 (internal quotation marks and citation omitted). "The following factors guide our inquiry: the purpose, place, and length of interrogation, the extent to which the defendant is confronted with evidence of guilt, the physical surroundings of the interrogation, the duration of the detention, and the degree of pressure applied to the defendant." *Id.* (text only) (citation omitted).

**I.     Defendant's Prearrest Statements**

**{6}** Defendant argues that the district court should have suppressed his prearrest statements because his confinement in a locked sheriff's vehicle for over an hour was a restraint on his freedom of movement to a degree equivalent to an arrest. In asserting this argument, Defendant argues that the district court improperly used Officer

Mendoza's testimony that he did not believe Defendant was in custody as part of its reasoning. To the extent the district court may have relied on this portion of Officer Mendoza's testimony it was improper because the opinion of a questioning officer is irrelevant to a court's custody determination. *See id.* ¶ 19 ("Because the test is objective, the actual subjective beliefs of the defendant and the officer as to whether the defendant is in custody are irrelevant." (internal quotation marks and citation omitted)).

**{7}**     We further observe that the reasoning of the district court confuses two separate standards—investigatory detention and custody. As this Court explained in *State v. Wilson*, 2007-NMCA-111, 142 N.M. 737, 169 P.3d 1184, an investigatory detention is a brief detention of a person under the Fourth Amendment of the United States Constitution, and requires a reasonableness analysis under that standard. *See id.* ¶ 18. It is possible for an investigatory detention to amount to custody for *Miranda* purposes when the investigatory detention transforms into a de facto arrest. *See id.* ¶¶ 18, 19. And "in deciding whether a defendant is in *Miranda* custody, the question is not whether he or she is being questioned as a part of an investigatory detention" but rather "whether a reasonable person in the defendant's position would believe that his or her freedom of movement had been restrained to the degree associated with formal arrest." *Id.* ¶ 21. In answering this question, we "must apply an objective test" to determine if a defendant is in *Miranda* custody. *Id.* ¶ 23.

**{8}**     Based on the totality of the circumstances present in the record, we hold that Defendant was in custody when questioned by Officer Mendoza. The accident resulting in the fatality of the other driver occurred at approximately 3:00 a.m. and Officer Mendoza arrived at the scene at approximately 6:00 a.m. Defendant was therefore at the scene of the accident for three hours, and was locked in the back seat of a sheriff's vehicle for at least one hour before Officer Mendoza arrived. *Compare State v. Snell*, 2007-NMCA-113, ¶ 20, 22, 142 N.M. 452, 166 P.3d 1106 (holding in part that locking a defendant in a police vehicle and questioning him implicated the defendant's Fifth Amendment rights),[1] *with State v. Munoz*, 1998-NMSC-048, ¶¶ 5-6, 43-44, 126 N.M. 535, 972 P.2d 847 (holding in part that there was no indication that the police vehicle was locked or that the defendant was prevented from leaving the car when finding the defendant was not in custody during a conversation between officers and the defendant in the officers' vehicle). The sheriff's vehicle Defendant was confined in was located behind an additional vehicle with its warning lights activated and there was a heavy police presence at the scene. When Officer Mendoza removed Defendant from the sheriff's vehicle, he was with three other officers and every single one of them had both their badge and gun visible.

**{9}**     When Officer Mendoza questioned Defendant, at no point did Officer Mendoza notify Defendant that he was not under arrest, that he was free to leave, and that he was free to terminate the interview at any time. *See State v. Olivas*, 2011-NMCA-030,

---

[1]We recognize that this Court's determination that the defendant was in custody was also based on the facts that the officer threatened the defendant with arrest and questioned the defendant from a position that blocked his exit from the vehicle. *See Snell*, 2007-NMCA-113, ¶ 20. We discuss the State's failure to develop a record regarding Defendant's placement in the vehicle in this case later in this opinion.

¶¶ 15-16, 149 N.M. 498, 252 P.3d 722 (stating there was nothing in the record that the officers involved in the questioning of the defendant "informed [the d]efendant at any time that he was not under arrest, that he was free to leave the room if needed, or that he could terminate the interview by choice" when concluding the defendant was subject to custodial interrogation). Rather, Officer Mendoza testified multiple times that Defendant was not free to leave, and that if Defendant had attempted to leave, Officer Mendoza would have prevented him from doing so.

**{10}** During Officer Mendoza's questioning of Defendant, Officer Mendoza asked where he was coming from, in response to Defendant's answer that he was coming from a movie, asked what time the movie was, if he had a ticket stub to prove he was at the movie, and if he had been drinking alcohol. Officer Mendoza testified that his questions were intended to elicit incriminating responses about the cause of the crash from Defendant rather than general, investigatory questions. *See State v. Madonda*, 2016-NMSC-022, ¶ 19, 375 P.3d 424 (considering the officer's intent when asking questions "because where a police practice is designed to elicit an incriminating response from the accused, it is unlikely that the practice will not also be one which the police should have known was reasonably likely to have that effect" (internal quotation marks and citation omitted)); *see also State v. Widmer*, 2020-NMSC-007, ¶ 24, 461 P.3d 881 ("Questions directed at establishing an element of a crime constitute interrogation because they are reasonably likely to elicit an incriminating response." (internal quotation marks and citation omitted)). And further, contrary to the State's argument, Defendant's agreement to perform field sobriety tests does demonstrate that an objective person in the circumstances would have believed was free to leave.

**{11}** The State argues that Defendant was not in custody because Defendant was not handcuffed during questioning. We find this unpersuasive. Although Defendant was not handcuffed, both Officer Mendoza and Defendant testified that this was because Defendant's arm was injured. We have also stated that the use of handcuffs alone is not dispositive to a custody analysis, but rather one of many factors a court should consider. *See State v. Hermosillo*, 2014-NMCA-102, ¶ 30, 336 P.3d 446 ("[T]he fact that [the d]efendant was handcuffed is one of many factors that must be considered under the totality of the circumstances.").

**{12}** The State also cites to *Armijo v. State ex rel. Transp. Dep't* for the proposition that "custodial interrogation does not occur at a traffic stop based upon: (1) the routineness of the questions; (2) the generally brief detention; and (3) the fact that such stops are in the public view." 1987-NMCA-052, ¶ 10, 105 N.M. 771, 737 P.2d 552 (internal quotation marks and citation omitted). But Officer Mendoza testified he "was called to conduct the investigation for a vehicular homicide case" and that his questioning of Defendant was not a routine traffic stop because it was "a crash investigation." Nor was Defendant's detention in a locked sheriff's vehicle for over an hour prior to questioning brief. We agree with the district court that "this case was certainly not a traffic stop." As such, we fail to see how the traffic stop exception for *Miranda* warnings applies to the facts of this case.

**{13}** Finally, the State also argues that we should not conclude Defendant was in custody because there was no evidence Defendant was forced into the sheriff's vehicle before Officer Mendoza arrived. Once Defendant filed a motion to suppress contending that the prearrest statements were obtained in violation of his Fifth Amendment rights because he was "under arrest" while sitting in the back of the sheriff's vehicle, the burden shifted to the State to present facts sufficient to support its claim that *Miranda* warnings were not required. In other words, that Defendant's confinement in the sheriff's vehicle did not amount to custody for purpose of *Miranda*. *C.f. State v. Martinez*, 1999-NMSC-018, ¶ 14, 127 N.M. 207, 979 P.2d 718 ("In response to a defendant's motion to suppress a statement made to police, the [s]tate bears the burden of demonstrating by a preponderance of the evidence that the defendant knowingly, intelligently, and voluntarily waived the constitutional right against self-incrimination."); *State v. Ortiz*, 2017-NMCA-062, ¶ 14, 400 P.3d 312 ("On a defendant's motion to suppress evidence obtained without a warrant, the [s]tate bears the burden of establishing the reasonableness of the officer's conduct. If the [s]tate fails to present testimony or other evidence showing that the arrest or search met constitutional muster, the defendant's motion should be granted." (alteration, internal quotation marks, and citations omitted)).

**{14}** Here, the State presented no evidence during the suppression hearing regarding Defendant's placement in the vehicle. As a result there are no facts in the record regarding what was said to Defendant when he was placed in the vehicle. *See Munoz*, 1998-NMSC-048, ¶¶ 43-44 (reasoning that the officers told the defendant that he did not have to come with them, did not have to answer questions, was not under arrest, the defendant could leave any time, that they would bring the defendant back home, combined with the fact that defendant was not handcuffed or searched, and that there was no indication that the police vehicle was locked or that defendant was prevented from leaving the car when finding the defendant was not in custody). In fact when presented with the opportunity to cross-examine Defendant, the State asked no questions of Defendant regarding his interactions with officers before speaking to Officer Mendoza. Rather, the State only presented testimony from Officer Mendoza about his questioning of Defendant which took place over an hour after Defendant was placed in the locked sheriff's vehicle. We will not consider a negative inference from a lack of evidence presented by the State to find Defendant was not in custody.

**{15}** Based on the totality of the facts in the record before us, Defendant was in custody at the time Officer Mendoza questioned him before Defendant's formal arrest. Officer Mendoza's interactions with Defendant "in the context of the attendant circumstances already described[,] are emblematic of the coercive pressures inherent to custodial interrogations that gave rise to the need for *Miranda* warnings." *Atencio*, 2021-NMCA-061, ¶ 28. As to Defendant's prearrest statements, we therefore reverse the district court's denial of Defendant's motion to suppress premised upon violation of his Fifth Amendment rights.

## II.     Defendant's Post-Arrest Statements

**{16}** We conclude that Defendant has not adequately preserved an objection to any post-arrest statements he may have made that implicated his rights under *Miranda*, for our review. "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. Although Defendant did file a motion to suppress statements he made after his formal arrest, the only post-arrest statement Defendant sought to suppress at the motion hearing was his consent to taking a breath test as provided for under the Implied Consent Act. NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2019). But after making that argument, Defendant informed the district court that he was abandoning the argument that Defendant's consent should be suppressed. Defendant did not identify or seek suppression of any other post-arrest statements that he believed should be suppressed for lack of *Miranda* warnings. Had he done so, the State would have had the burden to demonstrate that the statements were not a result of an interrogation. *See Atencio*, 2021-NMCA-061, ¶ 18 (affirming that *Miranda* warnings only apply when a person is in custody and any questioning meets the legal definition of interrogation). This Court has held that a written motion will not sufficiently preserve an issue where that issue is not pursued and no ruling is invoked at a hearing on the motion. *See State v. Scharff*, 2012-NMCA-087, ¶ 19, 284 P.3d 447 ("Defendant initially raised the pretext argument in her written pleadings related to the suppression motion [but] later failed to raise the issue during the suppression hearing and did not invoke a ruling by the district court on the pretext issue."). Here, Defendant failed to invoke a ruling from the district court regarding the suppression of any specific post-arrest statements that implicated his rights under *Miranda* and, as such, Defendant has failed to preserve the same for our review.

**CONCLUSION**

**{17}** For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

**{18}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation**